J. S06043/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| THOMAS JOHN CROSSLEY, | : | |
| | : | |
| Appellant | : | No. 1905 EDA 2014 |

Appeal from the PCRA Order June 2, 2014
In the Court of Common Pleas of Delaware County
Criminal Division No(s).: CP-23-CR-0004531-2009
CP-23-CR-0005623-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| THOMAS JOHN CROSSLEY, | : | |
| | : | |
| Appellant | : | No. 2002 EDA 2014 |

Appeal from the PCRA Order June 2, 2014
In the Court of Common Pleas of Delaware County
Criminal Division No(s).: CP-23-CR-0004523-2009
CP-23-CR-0004531-2009
CP-23-CR-0005623-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| THOMAS JOHN CROSSLEY, | : | |
| | : | |
| Appellant | : | No. 2071 EDA 2014 |

Appeal from the PCRA Order June 2, 2014
In the Court of Common Pleas of Delaware County
Criminal Division No(s).: CP-23-CR-0004523-2009
CP-23-CR-0004531-2009
CP-23-CR-0005623-2009

BEFORE: BENDER, P.J.E., LAZARUS, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY FITZGERALD, J.:          **FILED FEBRUARY 06, 2015**

Appellant, Thomas John Crossley, appeals *pro se* from the order of the Delaware County Court of Common Pleas that dismissed his second Post Conviction Relief Act[1] (PCRA) petition without a hearing.  Appellant claims the instant PCRA petition should be considered an extension of his first PCRA petition because counsel in that proceeding "abandoned" him.  He further asserts he is entitled to withdraw his guilty pleas because the trial court threatened to sentence him to 160 years' imprisonment.  No relief is due.

Having reviewed Appellant's *pro se* arguments, the record, and the PCRA court's opinion, we conclude the PCRA court properly determined: (1) the instant petition was not timely filed; and (2) Appellant failed to assert an exception to the PCRA time-bar.  **See** PCRA Ct. Op., 9/19/14, at 9, 10-13.  Because the PCRA court has summarized and applied the relevant law, we

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.  Appellant averred he deposited the instant second PCRA petition with prison officials on April 30, 2012.  **See generally Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (discussing prisoner mailbox rule).  He challenges convictions that became final on April 2, 2010.

- 2 -

affirm on the basis of its opinion that it lacked jurisdiction to consider the merits of the instant petition. **See id.** As to Appellant's arguments that the present petition was a timely extension of his first petition, the Pennsylvania Supreme Court has abrogated equitable exceptions to the PCRA time bar, such as the "extension theory." **See Commonwealth v. Robinson**, 837 A.2d 1157, 1161-62 (Pa. 2003). As to Appellant's contention that he was "abandoned" by counsel during the first PCRA proceeding, that claim is frivolous because counsel was permitted to withdraw by the PCRA court after filing a **Turner**/**Finley**[2] no-merit letter. **See Commonwealth v. Crossley**, 1067 EDA 2011 (unpublished memorandum) (Pa. Super. Apr. 2, 2012).

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/2015

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (_en banc_); **accord Commonwealth v. Quail**, 729 A.2d 571 (Pa. Super. 1999) (noting "once counsel has entered an appearance on a defendant's behalf he is obligated to continue representation until the case is concluded **or he is granted leave by the court to withdraw his appearance**" (emphasis added)).

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA    :    NOS. 4523-09
                                                   :           4531-09
                                                     :           5623-09
               v.                                  :
                                                          :

THOMAS J. CROSSLEY                      :

A. Sheldon Kovach, Esquire – Deputy District Attorney for the Commonwealth
Thomas Crossley – *Pro Se*

## OPINION

**Kelly, J.**                                                **Date: September 19, 2014**

A criminal complaint was filed in No. 4531-09 by the Tinicum Township Police Department on May 27, 2009, *inter alia*, charging Thomas J. Crossley (hereinafter referred to as "Defendant" or "Crossley") with Robbery[1] and related offenses. The Defendant on July 22, 2009, before the Magisterial District Judge per the advice and with the consent of counsel waived his Preliminary Hearing. Defendant Crossley was formally arraigned before the trial court on August 20, 2009, at which time the Office of the District Attorney of Delaware County lodged against him, *inter alia*, the following Criminal Informations: Information A – Robbery[2] and Information D – Possessing Instruments of Crime.[3]

On June 8, 2009, the Pennsylvania State Police and Willistown Township Police Department filed a criminal complaint in No. 5623-09, *inter alia*, charging Defendant Crossley with Burglary – 72 Counts;[4] Criminal Conspiracy (Burglary) – 72 Counts;[5] and Firearms Not to

---

[1] 18 Pa.C.S. § 3701.
[2] *Id.*
[3] 18 Pa.C.S. § 907.
[4] 18 Pa.C.S. § 3502.
[5] 18 Pa.C.S. § 903(3502).



be Carried Without a License (11 Counts).[6] Before the Magisterial District Court on September 17, 2009, the multiple allegations of Firearms Not to be Carried Without a License[7] were withdrawn by the prosecution seemingly in exchange for the Defendant's counseled waiver of his Preliminary Hearing as to the balance of charges. Defendant Crossley was formally arraigned before the trial court on October 15, 2009, at which time the Delaware County District Attorney's Office, *inter alia*, lodged against him the following Criminal Informations: Information A – Burglary – 72 Counts[8] and Information B – Criminal Conspiracy (Burglary) – 72 Counts.[9]

In case No. 4523-09, a criminal complaint was filed on June 8, 2009, by the Norwood Police Department, *inter alia*, charging Defendant Crossley with Robbery;[10] Criminal Conspiracy (Robbery and all other alleged offenses);[11] Possessing Instruments of Crime;[12] and Prohibited Offensive Weapons.[13] The Defendant on July 22, 2009, with his attorney's advice and consent waived his Preliminary Hearing before the Magisterial District Court. Defendant Crossley was formally arraigned before the trial court on August 20, 2009, at which time the Office of the District Attorney of Delaware County, *inter alia*, lodged against him the following Criminal Informations: Information A – Robbery;[14] Information B – Criminal Conspiracy

---

[6] 18 Pa.C.S. § 6106.
[7] *Id.*
[8] 18 Pa.C.S. § 3502.
[9] 18 Pa.C.S. § 903(3502).
[10] 18 Pa.C.S. § 3701.
[11] 18 Pa.C.S. § 903.
[12] 18 Pa.C.S. § 907.
[13] 18 Pa.C.S. § 908.
[14] 18 Pa.C.S. § 3701.

2

(Robbery and all other charged offenses – 6 Counts);[15] Information C – Prohibited Offensive Weapons;[16] and Information F – Possessing Instruments of Crime.[17]

Defendant Crossley in these three (3) cases entered on March 3, 2010, counseled, negotiated guilty pleas before this court.[18] The Defendant regarding No. 5623-09[19] entered pleas of guilty to Information A – Burglary – 70 Counts[20] and Information B – Criminal Conspiracy (Burglary) – one (1) consolidated Count.[21] The Defendant in No. 4531-09 entered a guilty plea to Information A – Robbery (Threatens Serious Bodily Injury).[22] As to No. 4523-09, Defendant Crossley as well entered a plea of guilty to Information A – Robbery (Threatens Serious Bodily Injury).[23] N.T. 3/3/10, pp. 3-37. A pre-sentence investigation was waived. N.T. 3/3/10, p. 37.

---

[15] 18 Pa.C.S. § 903.

[16] 18 Pa.C.S. § 908.

[17] 18 Pa.C.S. § 907.

[18] The Office of the Public Defender of Delaware County determined at bar Defendant Crossley was eligible for that office's professional services. The Public Defender's Office subsequently lodged a Petition for Appointment of Conflict Counsel and the court resultantly appointed Amanda L. H. Brinton, Esquire as the Defendant's attorney per order dated June 30, 2009. On or about January 12, 2010, Ms. Brinton filed a Motion to Appoint Co-Counsel and after such a hearing, this motion was granted by order of January 26, 2010, and C. Scott Shields, Esquire was designated as co-counsel to assist Ms. Brinton in such a manner as the defense lawyers mutually agreed. *See* Orders dated June 30, 2009, and January 26, 2010.

[19] Material to No. 5623-09, immediately prior to entry of the Defendant's guilty pleas, without objection, and to facilitate the attorneys' negotiations, the Commonwealth withdrew Counts 1, 38, and 53 of Information A – Burglary, and motioned to amend Information A to add Count 73 – Burglary, reflecting the residence at 1325 Baltimore Pike, Springfield, Pa. N.T. 3/3/10, pp. 4-5.

Also, regarding No. 5623-09, as part of the plea agreement, counsel agreed that while the Defendant would plead guilty to Information A – Burglary – 70 Counts, these seventy (70) counts merged for sentencing purposes to only five (5) counts, those being as follows: Count 34 (Home–Person Present on January 6, 2009); Count 19 (Home–Person Present on October 23, 2008); Count 39 (Home–Person Present on December 16, 2008); Count 4 (Home–*No* Person Present on September 26, 2008); and Count 73 (Home–*No* Person Present on October 28, 2008). N.T. 3/3/10, pp. 5-10. Pursuant to the lawyers' understanding it was similarly agreed that the Defendant would plead guilty to one (1) consolidated count of Conspiracy to Commit Burglary – Home–Person Present with the offense dates encompassing the applicable times of the seventy (70) object burglaries (September 12, 2008 – January 7, 2009). N.T. 3/3/10, pp. 9-10.

[20] 18 Pa.C.S. § 3502.

[21] 18 Pa.C.S. § 903(3502).

[22] 18 Pa.C.S. § 3701(a)(1)(ii).

[23] *Id.*

3

Wholly consistent with the attorneys' negotiations, the court on that same date (March 3, 2010) sentenced Defendant Crossley in No. 5623-09 to a period of incarceration at a state correctional institution of two (2) through six (6) years on Count Nos. 34, 19, 4, 73, and 39 of Information A – Burglary[24] with each count's term to be served consecutive to the other. Regarding Information B – Conspiracy to Commit Burglary[25] – one (1) merged count, the court again pursuant to counsel's agreement directed a ten (10) year period of state probationary oversight to be served consecutively to the sentences of imprisonment imposed under Information A – Burglary[26] – (Counts 34, 19, 4, 73 and 39). *See* Certificate of Imposition of Judgment of Sentence – No. 5623-09.

In accord with the lawyers' negotiations, the court as well on March 3, 2010, sentenced Defendant Crossley in No. 4531-09 to a term of incarceration of five (5) through ten (10) years per Information A – Robbery[27] and directed that this sentence was to run concurrent to that imposed at No. 5623-09. *See* Certificate of Imposition of Judgment of Sentence – No. 4531-09.

Consistent with counsel's plea understanding, the court also on March 3, 2010, sentenced Defendant Crossley in No. 4523-09 under Information A – Robbery[28] to a period of imprisonment of five (5) through ten (10) years and directed that this sentence was to run concurrently with those imposed at Nos. 4531-09 and 5623-09. *See* Certificate of Imposition of Judgment of Sentence – No. 4523-09.

Thus, the aggregate sentence the court imposed pursuant to the plea negotiations of the lawyers was ten (10) through thirty (30) years incarceration followed by ten (10) years

---

[24] 18 Pa.C.S. § 3502.
[25] 18 Pa.C.S. § 903(3502).
[26] 18 Pa.C.S. § 3502.
[27] 18 Pa.C.S. § 3701.
[28] *Id.*

4

consecutive state, probationary supervision. N.T. 3/3/10, pp. 10-13, 40-46. *See also* Certificates of Imposition of Judgment of Sentence. The court as well concluded at sentencing, without objection, that the Defendant was not eligible for recidivism risk reduction incentive (RRRI) consideration due to his past criminal history and/or the nature of his convictions at bar. *See* 61 Pa.C.S. §§ 4501 *et seq. See also* N.T. 3/3/10, pp. 44-46.

No timely post-sentence motions were lodged, including any pleading requesting modification of sentence and/or withdrawal of Defendant Crossley's previously entered guilty pleas. No direct appeal to the Superior Court of Pennsylvania was filed.

Defendant Crossley lodged collectively in the above-captioned matters a *pro se* Motion to Modify Sentence on or about August 23, 2010, which this court was constrained to treat as a Post Conviction Collateral Relief Act filing. *See Commonwealth v. Stout,* 978 A.2d 984, 986-87 (Pa.Super. 2009); *Commonwealth v. Fowler,* 930 A.2d 586, 591-92 (Pa.Super. 2007); *Commonwealth v. Kutnyak,* 781 A.2d 1259, 1261 (Pa.Super. 2001); and *Commonwealth v. Evans,* 866 A.2d 442, 443 (Pa.Super. 2005) *citing Commonwealth v. Hockenberry,* 455 Pa.Super. 626, 635, 689 A.2d 283, 288 (1997). Henry DiBenedetto Forrest, Esquire was appointed by the court on or about September 7, 2010, for purposes of the then pending collateral motion to represent Defendant Crossley. *See Commonwealth v. Luckett,* 700 A.2d 1014, 1016 (Pa.Super. 1997). *See also* Order dated September 7, 2010.

Mr. DiBenedetto Forrest on November 4, 2010, filed an "Application to Withdraw Appearance" and supporting "No Merit Letter." *See* "Application to Withdraw Appearance" and "No Merit Letter" dated November 4, 2010. By order dated January 20, 2011, the court granted the application of court appointed counsel to withdraw and served notice on the Defendant that it

5

intended to dismiss his then outstanding collateral motion, absent a hearing. *See* Order and Dismissal Notice dated January 20, 2011.

Defendant Crossley on February 8, 2011, lodged a *pro se* Answer to the court's Dismissal Notice. *See* Defendant's Answer dated February 8, 2011. Per order of April 5, 2011, the court dismissed the Defendant's *pro se* PCRA petition in the form of his Motion to Modify Sentence. *See* Order dated April 5, 2011. Defendant Crossley *pro se* filed a timely Notice of Appeal on April 15, 2011, to the Superior Court of Pennsylvania from the order dismissing his collateral pleading. These appeals were individually docketed before the appellate court at Nos. 1067 EDA 2011, 1068 EDA 2011, and 1070 EDA 2011. *See* Superior Court Nos. 1067 EDA 2011, 1068 EDA 2011, and 1070 EDA 2011.[29]

This court via order dated April 28, 2011, directed Defendant Crossley to file of-record a Concise Statement of Matters Complained of on Appeal. *See* Order dated April 28, 2011. Responding to this order, the Defendant lodged on May 10, 2011, a statement of such appellate complaints. *See* Statement of Matters Complained of on Appeal, May 10, 2011. Although the Defendant by this statement advanced four (4) separate assignments of error, the collective thrust of his appellate complaint was the failure of his trial attorneys to challenge what he characterized as an excessive and unduly harsh sentence through the timely filing of a sentencing modification motion as he purportedly requested of them. *See* Statement of Matters Complained of on Appeal, April 28, 2011.

This court issued its opinion on October 25, 2011, in support of dismissing the Defendant's first collateral filing. The Superior Court by memorandum opinion dated April 2, 2012, affirmed the dismissal of the Defendant's original collateral pleading concluding, *inter*

---

[29] The Superior Court by order of August 12, 2011, for briefing and argument purposes consolidated these appeals. *See* Superior Court Nos. 1067 EDA 2011, 1068 EDA 2011, and 1070 EDA 2011.

*alia*, that " … Crossley's issue raised on appeal is waived, and in any event, meritless." *See* Superior Court Nos. 1067 EDA 2011, 1068 EDA 2011, and 1070 EDA 2011, Opinion, p. 4.

Defendant Crossley lodged collectively in the above-captioned matters his second and current Petition for Post Conviction Collateral Relief on or about May 1, 2012. *See* Petition for Post Conviction Collateral Relief. By this subsequent PCRA filing, the Defendant generally maintained that his pleas of guilty were unlawfully induced under circumstances that made it likely that the inducement caused him to plead guilty, and he is innocent of all those crimes forming his convictions' basis.[30] *See* Defendant's Petition, p. 3.

By order of court, Henry DiBenedetto Forrest, Esquire for purposes of the instant collateral action was once more appointed to represent Defendant Crossley. Mr. DiBenedetto Forrest filed on or about July 30, 2012, an Application to Withdraw Appearance grounded in

---

[30]Although he averred in his most recent PCRA his "innocence," Defendant Crossley by his first collateral pleading lodged with this court to the contrary admitted that "[H]e under stands [*sic*] the wrong he has done and fully takes responsibility of his actions." *See* Defendant's Motion to Modify Sentence, August 23, 2010. The Defendant's belated claim of innocence was not only contradicted by his first PCRA filing's acknowledgment of guilty, but as well belied by the material case records.

In No. 5623-09, the evidence against Defendant Crossley is comprehensively set forth by the fifty (50) page criminal complaint supporting probable cause affidavit which reveals, *inter alia*, the Defendant was identified along with a co-defendant, John Cartlidge, Sr., by at least three (3) employees of different pawn shops as selling items on numerous occasions taken during certain of the burglaries. Defendant Crossley was also identified by a burglarized home owner and a neighbor of another burglary victim as well as by employees of a storage facility from which investigators recovered various property taken during the course of the burglaries. The Defendant's wife acknowledged to investigators her teenage daughter was given a Christmas gift by the Defendant which she knew he had stolen during one of the burglaries. *See* Criminal Complaint and Probable Cause Affidavit, No. 5623-09.

Regarding No. 4523-09, *inter alia*, the knife point robbery was captured on the store's security tape. From the surveillance video, the Defendant's wife identified him to investigators. His wife also advised investigators that Defendant Crossley admitted to her committing this robbery. *See* Criminal Complaint and Probable Cause Affidavit, No. 4523-09.

Concerning No. 4531-09, *inter alia*, this knife point robbery was also captured by that convenience store's video surveillance system. Once more, Defendant Crossley's wife readily identified him to investigators from the surveillance tape and further admitted to her participation in this crime as the Defendant's driver. *See* Criminal Complaint and Probable Cause Affidavit, No. 4531-09.

Salient to all three (3) prosecutions, the Commonwealth long had in place a cooperative plea agreement with the co-defendants, John Cartlidge, Sr. and John Cartlidge, Jr., requiring their testimony at the Defendant's trials, as the prosecution deemed necessary.

concerns of the attorney – client relationship being materially ruptured. By order dated July 31, 2012, Mr. DiBenedetto Forrest was permitted to step aside and Stephen D. Molineux, Esquire was appointed stewardship of the Defendant's pending collateral interests.

Mr. Molineux in compliance with the dictates of *Commonwealth v. Finley*, 481 U.S. 551, 558-59, 107 S.Ct. 1990, 1995 (1987), *Commonwealth v. Turner*, 518 Pa. 491, 495, 544 A.2d 927, 928-29 (1988), and *Commonwealth v. Friend*, 896 A.2d 607, 614-15 (Pa.Super. 2006) filed an "Application to Withdraw Appearance" and supporting "No Merit Letter." The Defendant's lawyer concluded that the instant *pro se* collateral petition was untimely lodged and/or otherwise averred no meritorious issues. "No Merit Letter," pp. 3-4. Per order dated January 7, 2014, the court granted Mr. Molineux's withdrawal application and entered a related Notice of Intent to Dismiss Without a Hearing. *See* Order and Dismissal Notice dated January 7, 2014. The court by order dated June 2, 2014, dismissed the Defendant's present PCRA petition. *See* Order dated June 2, 2014.

On June 25, 2014, the Defendant timely filed a *pro se* Notice of Appeal. *See* Notice of Appeal. The court by order of June 26, 2014, instructed Defendant Crossley to lodge a statement of appellant complaints. *See* Order dated June 26, 2014. Responding to this order (June 26, 2014), Defendant Crossley timely filed on July 16, 2014, a Statement of Matters Complained of on Appeal raising the below discussed assignments of error.

*I. Whether Appellant's guilty plea was improperly coerced by the Court's threats to sentence him to 160 years and he would die in prison, thus his plea was invalid. When Defense counsel condoned such conduct by the court it had Appellant to believe the Court's admonition to be true. Defense counsel had no reasonable basis for failing to clarify the consequences with Appellant or seek to withdraw the guilty plea based upon the conduct of the court, and Defense counsel should have conferred with Appellant regarding possible alternatives instead of allowing Appellant to proceed based on assumption regarding how to proceed given the court's conduct. Such conduct of counsel was ineffective and induced Appellant to enter an involuntary guilty plea.*

8

***II. Appellant's second post conviction petition was not untimely; rather in the interest of justice should be considered merely an extension of litigation of appellant's timely first post conviction petition, which involved the withdrawal by defense counsel and counsel's abandonment of appellant.***

Foremost, this court lacks the requisite jurisdiction to deciding the merits, if any, of Defendant Crossley's immediate past collateral filing. Moreover, the Defendant has waived for purposes of Post Conviction Relief Act review those challenges this PCRA petition advanced and/or the previous litigation relevant to his guilty pleas' legal validity during his long since concluded 2010 collateral action now renders Defendant Crossley ineligible for Post Conviction Relief Act remedy grounded in an attack on his guilty pleas' lawfulness.

A defendant must file a PCRA petition, including a second or subsequent one(s) within one (1) year from the date judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A sentencing judgment becomes final for purposes of the Post Conviction Relief Act " ... at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). This otherwise mandated one (1) year filing date is excused only if a defendant alleges and proves one of the statutory exceptions set forth in subsections (i), (ii) and/or (iii) of the Act's Section 9545, relating to government interference, newly discovered evidence, or a constitutional right recognized by the federal and/or state Supreme Courts that is applied retroactively. 42 Pa.C.S. § 9545(b)(1)(i)(ii)(iii). Even should one or more of these enumerated exceptions to the one (1) year lodging requisite attach, a defendant for purposes of the court's necessary jurisdiction must file any such collateral pleading " ... within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

9

The Superior Court has repeatedly held second or subsequent PCRA petitions untimely when such collateral pleadings were not filed within one (1) year after a defendant's judgment of sentence became final. *Commonwealth v. Johnson*, 945 A.2d 185, 188 (Pa.Super. 2008) and *Commonwealth v. Davis*, 916 A.2d 1206, 1208-09 (Pa.Super. 2007). Moreover, a second or additional PCRA petition will only be considered if a defendant demonstrates that the proceedings resulting in his conviction were so unfair that a miscarriage of justice occurred which no civilized society can tolerate, or a defendant is innocent of the convicted crimes. *Commonwealth v. Lawson*, 519 Pa. 504, 513-14, 549 A.2d 107, 112 (1988) and *Commonwealth v. Szuchon*, 534 Pa. 483, 487, 633 A.2d 1098, 1100 (1993).

Salient to all of the above-captioned matters, no direct appeal from the sentencing judgments resulting from Defendant Crossley's guilty pleas was ever sought. Hence, these sentence judgments became final on April 2, 2010. 42 Pa.C.S. § 9545(b)(3). Thus, in order to satisfy the Post Conviction Relief Act's one (1) year filing mandate, the Defendant was required to lodge his present PCRA pleading no later than April 2, 2011. 42 Pa.C.S. § 9545(b)(1)(3). As it was filed on or about May 1, 2012, the Defendant's Post Conviction Relief Petition was lodged belatedly. The instant PCRA petition was filed some approximate thirteen (13) months beyond the date his sentencing judgments at bar became final and accordingly, this collateral filing was on its face patently untimely.

Implicitly conceding the belated nature of his current PCRA petition, Defendant Crossley maintains that this " … second post conviction petition was not untimely; rather in the interest of justice should be considered merely an extension of litigation of appellant's timely first post conviction petition [*sic*] … ." *See* Statement of Matters Complained, No. 2. The Defendant's contention that his present Post Conviction Relief Petition should be considered merely an

10

extension of his original 2010 collateral lodging is misguided. "Once a PCRA petition has been decided and the ruling on it has become final, there is nothing for a subsequent petition or pleading to 'extend.' Far from continuing into perpetuity, the trial court's jurisdiction over a matter generally ends once an appeal is taken from a final order or, if no appeal is taken, thirty days elapse after the final order. *See* 42 Pa.C.S. § 5505." *Commonwealth v. Robinson*, 575 Pa. 500, 508, 837 A.2d 1157, 1162 (2003). When Defendant Crossley filed his second PCRA petition there was no ongoing collateral litigation before this court. His first collateral pleading had since been dismissed by this court, the dismissal appealed to the Superior Court, and the appellate court had affirmed the original PCRA filing's dismissal. *See* Dismissal Notice dated January 20, 2011; Order dated April 5, 2011; Superior Court Nos. 1067 EDA 2011, 1068 EDA 2011, and 1070 EDA 2011, Opinion, p. 4. In short, on the present collateral petition's lodging, " ... there was nothing for a subsequent petition or pleading to 'extend.' " *Id*. The Defendant's attempt to impute the timeliness of his first Post Conviction Relief Act filing to his current and clearly tardy collateral petition in an effort to vest this court with the requisite jurisdiction necessary to an adjudication of its merit simply fails.

Hence, the Defendant's only remaining avenues to assert the jurisdiction necessary for his sought after collateral relief through this court were the exceptions enumerated within the Post Conviction Relief Act relating to government interference, newly discovered evidence, or a constitutional right recognized by the federal and/or state Supreme Courts that is applied retroactively. *Id*. 575 Pa. at 509-10, 837 A.2d at 1162-63. *See also* 42 Pa.C.S. § 9545(b)(1)(i)(ii)(iii).

Via the Defendant's PCRA petition, but not in his statement of appellate complaints, he alleged the applicability of two (2) exceptions to the Act's one (1) year filing date. *See*

Defendant's Petition, p. 2. Defendant Crossley maintained that his failure to previously raise the challenges at bar was the result of governmental official interference and/or that the salient facts underlining the instant claims were unknown to him and could not have been previously discerned with the exercise of due diligence. Defendant's Petition, p. 2. *See also* 42 Pa.C.S. § 9545(b)(1)(i)(ii). Even from a cursory review of the case records, it is readily evident these contentions lack any support.

The Defendant's assertion that he was previously precluded from raising the challenges at bar because of governmental official interference is without modest specificity and/or particularity. The government authorities allegedly interfering with the Defendant's ability to timely bring these claims are not explicitly or impliedly identified. Certainly, there is no evidence at bar that the Commonwealth in any manner precluded Defendant Crossley from pursuing prior the grounds the collateral petition on appeal advances. Assuming the Defendant is referring to this court as the interfering governmental official, the collective case records are simply devoid of supporting evidence. Moreover, the Defendant's complaints about this court's supposed commentary were offered directly to him in counsel's presence some two (2) years before the instant PCRA petition on appeal was lodged. *See* Defendant's Petition, pp. 3-4. *See also* Statement of Matters Complained. Accordingly, the complained about comments of this court cannot reasonably excuse the Defendant from having not timely moved forward previous with such a collateral challenge. By relevant statutory definition, court appointed trial counsel for purposes of the Post Conviction Relief Act's filing exceptions are not government officials. 42 Pa.C.S. § 9545(b)(4). *See also* Defendant's Petition, p. 2.

As material to his seeming attempt to bring the belatedly lodged collateral pleading at bar within an exception to the one (1) year filing mandate, Defendant Crossley in his current PCRA

12

petition incredulously averred that even with the exercise of due diligence the facts on which the current collateral claims on appeal are predicated were unknown to him. Unquestionably, the comments of this court that the Defendant now takes issue with in both his present PCRA filing and the instant appeal were by his very own acknowledgment previously known to him. *See* Defendant's Petition, pp. 3-4. *See also* Statement of Matters Complained, No. 2. Per his current PCRA petition's plain terms, the Defendant averred that the court offered such purported commentary directly to him on February 26, 2010. Defendant's Petition, p. 3. Defendant Crossley's assertion that this information was past unknown to him and only came to his attention on the exercise of due diligence within sixty (60) days of his present PCRA pleading's lodging is unquestionably refuted by his collateral petition's plain averments.

The statutory time-bar set forth in the Post Conviction Relief Act's Section 9545 is mandatory as well as jurisdictional in nature and hence, may not be altered or disregarded to reach the merits of claims raised in a belated collateral filing. *Commonwealth v. Taylor*, 933 A.2d 1035, 1038 (Pa.Super. 2007) *citing Commonwealth v. Murray*, 562 Pa. 1, 4, 753 A.2d 201, 203 (2000). *See also* 42 Pa.C.S. § 9545. Courts simply cannot adjudicate those issues raised in an untimely PCRA petition. *Commonwealth v. Brown*, 596 Pa. 354, 359-60, 943 A.2d 264, 267 (2008) and *Commonwealth v. Crews*, 581 Pa. 45, 50-51, 863 A.2d 498, 501 (2004). *See also Commonwealth v. Beasley*, 559 Pa. 604, 609, 741 A.2d 1258, 1261 (1999). This court clearly lacked the requisite jurisdiction necessary to deciding the merits, if any, of Defendant Crossley's most recent collateral filing. *Id. See also Commonwealth v. Murray supra* 562 Pa. at 4, 753 A.2d at 203.

Section 9543 of the Post Conviction Relief Act (PCRA), *inter alia*, provides to be eligible for relief a defendant must establish by a preponderance of the evidence that the conviction(s)

13

resulted from one or more of the Act's specifically enumerated errors and/or defects and that such have not been waived. *See* 42 Pa.C.S.A. § 9543(a)(1)(2)(3). *See also Commonwealth v. Banks*, 540 Pa. 143, 148-149, 656 A.2d 467, 469 (1995). A collateral claim is waived for purposes of the Post Conviction Relief Act " ... if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post conviction proceeding." 42 Pa.C.S. § 9544(b).

As detailed above, those circumstances averred by Defendant Crossley in support of the subsection (ii) filing exception were personal to him and have been well known to him since at least March 3, 2010, the date of his guilty pleas and resultant sentencings. *See* 42 Pa.C.S. § 9545(b)(ii). Having failed to raise the issues of this court's supposed inducement and his trial attorney's alleged ineffectiveness for then failing to address such " ... before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding ... ," the Defendant has waived any such collateral challenge as a basis of Post Conviction Relief Act remedy, assuming *arguendo* this court even has requisite jurisdiction. *See* 42 Pa.C.S. § 9544(b). *See also* 42 Pa.C.S. § 9543(a)(4).

Assuming *arguendo*, Defendant Crossley is in some way able to demonstrate this court enjoyed the jurisdiction necessary to deciding the merits of his current PCRA filing and he has not under the Post Conviction Relief Act waived such a claim via his failure to advance the same in his first lodged PCRA pleading (2010), the Defendant's instant challenge to the lawfulness of his pleas of guilty should be seen as "previously litigated" during the course of his 2010 collateral action thus rendering Defendant Crossley ineligible for Post Conviction Relief Act remedy grounded in an attack on his guilty pleas' legal validity. 42 Pa.C.S. §§ 9543(a)(3) and 9544(a).

14

Section 9544 of the Post Conviction Relief Act provides in material part as follows regarding the past litigation of a collateral claim. "For purposes of this subchapter, an issue has been previously litigated if: ... it has been raised and decided in a proceeding collaterally attacking the conviction or sentence." 42 Pa.C.S. § 9544(a)(3).

Resulting from Defendant Crossley's 2010 PCRA pleading, this court in its Dismissal Notice made explicit findings of fact and conclusions of law related to the lawfulness of the Defendant's guilty pleas. *See* Dismissal Notice, January 20, 2011, pp. 10-15. Similarly, this court in its opinion to support the dismissal of Defendant Crossley's 2010 collateral filing fully discussed the Defendant's pleas of guilty being legally valid. Trial Court Opinion, October 25, 2011, pp. 14-20. In affirming the dismissal of Defendant Crossley's first collateral action, the Superior Court, *inter alia*, concluded that " ... even if Crossley had not waived his claim, his argument lacks merit for the following reasons: ... the record supports a finding that Crossley's pleas were knowingly, intelligently, and voluntarily offered." Superior Court Nos. 1067 EDA 2011, 1068 EDA 2011, and 1070 EDA 2011, Opinion, pp. 3-4. On such a case record, it most certainly appears that the Defendant's current challenge to the lawfulness of his guilty pleas was past " ... decided in a proceeding collaterally attacking the conviction or sentence." 42 Pa.C.S. § 9544(a)(3). Defendant Crossley is thus ineligible for Post Conviction Relief Act Remedy grounded in his present attack on his pleas of guilty supposedly being unlawful. 42 Pa.C.S. § 9543(a)(3).

"The right to an evidentiary hearing on a post-conviction petition is not absolute. A PCRA court may decline to hold a hearing if the petition's claim is patently frivolous and without a trace of support in either the record or from other evidence." *Commonwealth v. Payne*, 794 A.2d 902, 906 (Pa.Super. 2002) *citing Commonwealth v. Jordan*, 772 A.2d 1011, 1014

15

(Pa.Super. 2001). "The controlling factor in determining whether a petition may be dismissed without a hearing is the status of the substantive assertions in the petition." *Id.* at 906 *quoting Commonwealth v. Weddington*, 514 Pa. 46, 50, 522 A.2d 1050, 1052 (1987).

The Superior Court has held that appellate review of a PCRA's dismissal is conducted:

> [I]n the light most favorable to the prevailing party at the PCRA level. *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa.Super. 2010). This review is limited to the findings of the PCRA court and the evidence of record. *Id.* We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. *Id.* This Court may affirm a PCRA court's decision on any grounds if the record supports it. *Id.* We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. *Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa.Super. 2011). However, we afford no such deference to its legal conclusions. *Commonwealth v. Paddy*, 609 Pa. 272, 15 A.3d 431, 442 (2011); *Commonwealth v. Reaves*, 592 Pa. 134, 923 A.2d 1119, 1124 (2007). Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Colavita*, 606 Pa. 1, 993 A.2d 874, 886 (2010).

*Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa.Super. 2012) *quoting Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super. 2012).

Salient to Defendant Crossley's present and secondary collateral pleading at bar, this court in light of the foregoing concluded that no reasoned purpose would be served by any further proceedings as there were no genuine issues of material fact, it lacked necessary jurisdiction, the instant collateral claim had otherwise been waived as well as past litigated, and resultantly, the Defendant was not entitled to Post Conviction Act Relief remedy. These findings of this court are amply supported by the instant case records, and it committed no related legal error. *Id.*

16

For the aforementioned reasons, this court's dismissal of Defendant Crossley's current

*pro se* Motion for Post Conviction Relief, should be affirmed.

**BY THE COURT:**

Kevin F. Kelly                         J.

17