633 A.2d 1098

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Joseph Thomas SZUCHON, Appellant.**

*Supreme Court of Pennsylvania.*

Submitted March 8, 1993.

Decided Nov. 4, 1993.

484

Charles F. Gilchrest (Court-appointed), Sharon, for appellant.

William R. Cunningham, Dist. Atty., Anthony R. Himes, Asst. Dist. Atty., Erie, for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## OPINION OF THE COURT

PAPADAKOS, JUSTICE.

This is the appeal of Joseph Thomas Szuchon (Appellant) from the order of the Court of Common Pleas of Erie County denying Appellant's second counseled petition for collateral relief under the Post Conviction Relief Act (PCRA)[1] following the imposition of a death sentence.[2]

On October 23, 1981, following a jury trial, Appellant was found guilty of murder of the first degree, three counts of kidnapping, two counts of terroristic threats, and two counts of recklessly endangering another person. All charges arose

[1]. Post Conviction Relief Act of April 13, 1988, No. 47, §§ 3–4, 42 Pa.C.S. §§ 9541 *et seq.*

[2]. In death penalty cases, the denial of post conviction hearing relief is directly reviewable in this court pursuant to 42 Pa.C.S. § 9546(d).

from the slaying of Judy Lynn Snyder and the incidents surrounding her murder on April 14, 1981. In the penalty phase of Appellant's trial, the same jury imposed a sentence of death.

Following the denial of post-verdict motions on May 3, 1983, Appellant was sentenced to death for the first degree murder, and to consecutive sentences of ten to twenty years imprisonment on the kidnapping convictions, five to ten years of imprisonment on the terroristic threats convictions, and one to two years of imprisonment on the reckless endangerment charges.

Appellant received an automatic appeal in this court pursuant to 42 Pa.C.S. §§ 9711(h)(1) and 722(4), and Pa.R.A.P. 702(b). We affirmed the convictions and upheld the sentence of death at *Commonwealth v. Szuchon*, 506 Pa. 228, 484 A.2d 1365 (1984), and reargument was denied on January 16, 1985.

Appellant filed his first petition pursuant to the Post Conviction Hearing Act (PCHA), 42 Pa.C.S. §§ 9541 *et seq.*, which was denied on February 27, 1987, without a hearing. Appellant then appealed to the Superior Court which affirmed the denial of PCHA relief on February 29, 1988, *Commonwealth v. Szuchon*, 377 Pa.Superior Ct. 657, 541 A.2d 1155 (1988) and we denied further review. *Commonwealth v. Szuchon*, 521 Pa. 620, 557 A.2d 723 (1989).

Appellant's current petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541 *et seq.*, was also denied without a hearing by the Court of Common Pleas of Erie County on March 6, 1992, and this appeal followed.

Appellant raises two issues for our review. The first is whether Appellant was entitled to a hearing on his second PCRA petition on his claim that trial counsel was ineffective, during the penalty phase of the trial, for introducing evidence regarding Appellant's prior robbery conviction.

Appellant also argues that he was entitled to a hearing on his second PCRA petition because trial counsel was ineffective, again during the penalty phase of the trial, for failing to object to the sufficiency of the evidence admitted to establish

the existence of aggravating circumstance seven of the death penalty statute, (i.e., knowingly creating a grave risk of death to another person in addition to the murder victim) 42 Pa.C.S. § 9711(d)(7).

In order for Appellant to establish a claim of ineffective assistance of counsel, he must first demonstrate that the underlying claim is of arguable merit; that counsel's action or inaction was not grounded on any reasonable basis designed to effectuate his interest; and that the commission or omission so undermined the trial that the verdict is unreliable. *Commonwealth v. Carpenter*, 533 Pa. 40, 617 A.2d 1263 (1992); *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987).

Initially we note that Appellant does not allege facts to demonstrate that the ineffectiveness "so undermined the trial that the verdict is unreliable" and on that basis alone we could affirm the order of the trial court.

Furthermore, Appellant fails to meet our requirement that the issues now raised are issues which have not been previously litigated. *Carpenter*, 533 Pa. at 46, 617 A.2d at 1266. Indeed, a review of Appellant's direct appeal establishes that the underlying issues presented by Appellant have already been decided by this Court and thus cannot be relitigated.

Appellant's first issue which regards the introduction of a prior robbery conviction to establish the mitigating circumstance that Appellant had no significant criminal history has been reviewed by this Court. In the opinion of the Court authored by Mr. Justice Larsen, it was noted that "it was placed on the record that appellant entered a plea of guilty to a charge of robbery in 1974. The court, correctly, left it to the jury to determine whether or not this constituted a 'significant history' of prior criminal convictions.'" *Szuchon, supra.* 506 Pa. at 238 n. 4, 484 A.2d at 1370 n. 4.

This Court also ruled on Appellant's second issue which questioned the sufficiency of the evidence to support the aggravating circumstance of a grave threat to another person. *Szuchon, supra.* 506 Pa. at 259, 484 A.2d at 1381. There we

determined that "the evidence overwhelmingly supports the finding of the aggravating circumstances ( ... knowingly creating a grave risk of death to another person in addition to the murder victim)." *Id.*

■ Finally, our cases require that a second or subsequent petition for post-conviction relief will not be entertained "unless a strong prima facie showing is offered to demonstrate that a miscarriage of justice may have occurred." *Commonwealth v. Lawson*, 519 Pa. 504, 549 A.2d 107 (1988).

This standard is met if the petitioner can demonstrate either: (a) that the proceedings resulting in his conviction were so unfair that a miscarriage of justice occurred which no civilized society can tolerate, or (b) that he is innocent of the crimes charged. *Id.*

Our review of this record leads us to agree with the PCRA court that Appellant has not demonstrated that the proceedings resulting in his conviction were so unfair that a miscarriage of justice occurred. Nor does Appellant allege or demonstrate that he is innocent of the crimes charged.

Since Appellant has not satisfied the threshold considerations necessary for his claims to be reviewed, the PCRA court correctly denied Appellant's petition for post conviction relief.

The order of the PCRA court is affirmed.

CAPPY, J., concurs in the result.