J-S51045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARQUIS THOMAS | : | |
| | : | |
| Appellant | : | No. 2958 EDA 2016 |

Appeal from the PCRA Order August 17, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001721-2011

BEFORE: BOWES, SHOGAN, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED AUGUST 17, 2017**

Appellant Marquis Thomas appeals from the Order entered in the Court of Common Pleas of Delaware County on August 17, 2016, dismissing as untimely his first petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] Because this petition is untimely without an applicable exception, we affirm.

A prior panel of this Court set forth the relevant factual and procedural history herein as follows:

> On May 18, 2010, Appellant and Corey Johnson ("Co-conspirator") committed a robbery at a residence in Chester. While Appellant held two occupants of the residence in the kitchen, Co-conspirator beat the victim with a firearm and

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

demanded money. Ultimately, the victim relinquished his wallet. Appellant and Co-conspirator rifled through the wallet and fled the scene together.

On November 9, 2011, the Commonwealth filed a criminal information charging Appellant with multiple offenses related to the robbery. Following a trial, a jury found Appellant guilty of robbery and conspiracy. The jury acquitted Appellant of an additional charge of aggravated assault. On July 17, 2012, the court sentenced Appellant to an aggregate term of twenty-five (25) to fifty (50) years' imprisonment, followed by a consecutive term of fifteen (15) years' probation. Appellant timely filed post-sentence motions on July 20, 2012, which the court denied on August 27, 2012.

Appellant timely filed a notice of appeal on September 10, 2012. On September 21, 2012, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant subsequently complied.

*Commonwealth v. Thomas*, No. 2680 EDA 2012, unpublished memorandum at 1-2 (Pa.Super. filed July 15, 2013).

On direct appeal and represented by current counsel, Appellant challenged the sufficiency of the evidence to sustain his convictions and averred the trial court had erred in failing to declare a mistrial after the prosecutor introduced prejudicial statements and evidence during closing argument. *Id*. at 2. Finding no merit to either of these claims, this Court affirmed Appellant's judgment of sentence on July 15, 2013, and the original record was remitted to the trial court on August 29, 2013.

The certified docket contains an official docket entry indicating the record was returned to the trial court on September 9, 2013. A second official docket entry dated September 9, 2013, states this Court affirmed

Appellant's judgement of sentence. Appellant did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.

On May 26, 2016, Appellant filed the instant, counselled "Petition for Post Conviction Relief Pursuant to the PCRA" wherein he asserted various claims of trial counsel's ineffectiveness. The PCRA court filed a notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907(1) on July 25, 2016, and entered its Order dismissing Appellant's PCRA petition on August 17, 2016. Appellant filed a timely notice of appeal with this Court[2] on September 19, 2016.[3]

Although the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal, Appellant failed to do so. In an effort to avoid a remand by this Court pursuant to Pa.R.A.P. 1925(c)(3),[4] the PCRA

---

[2] Counsel for Appellant mistakenly indicated on the notice of appeal that the appeal was "to the Supreme Court of Pennsylvania from the Superior Court decision denying the PCRA Petition" and listed thereon a prior Superior Court Docket Number (2680 EDA 2012) in the caption of the notice of appeal.

[3] The trial court's August 17, 2016, order was sent to counsel for Appellant by First Class mail on August 18, 2016; therefore, Appellant's notice of appeal had to have been filed by Monday, September 19, 2016. **See** Pa.R.A.P. 108(a)(1) (day of entry of an order shall be the day the clerk of court mails or delivers copies of the order to the parties); Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken); 1 Pa.C.S.A. § 1908 (whenever the last day of the appeal period falls on a weekend or on any legal holiday, such day shall be omitted from the computation of time).

[4] Pa.R.A.P. 1925(c)(3) provides that "[i]f an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court
*(Footnote Continued Next Page)*

- 3 -

court permitted Appellant to file his concise statement *nunc pro tunc* on January 13, 2017.[5]

In his brief, Appellant presents a single issue for our review:

> Did the Court of Common Plea [sic] error [sic] by dismissing Appellant's Post Conviction Relief Act Petition?

Brief for Appellant at 2.

Our standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's order is supported by the record and without legal error. **Commonwealth v. Wojtaszek**, 951 A.2d 1169, 1170 (Pa.Super. 2008), *appeal denied*, 600 Pa. 733, 963 A.2d 470 (2009). Before we address the merits of Appellant's issue, we must first determine whether the instant PCRA petition was timely filed, for it is well-settled that if a PCRA petition is untimely, a trial court has no jurisdiction to entertain the petition. **Commonwealth v. Hutchins**, 760 A.2d 50, 53 (Pa.Super. 2000).

A PCRA petition shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary

*(Footnote Continued)* ―――――――――

is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement nunc pro tunc and for the preparation and filing of an opinion by the judge."

[5] As this was his first concise statement, Appellant erroneously titled the document "Amended Statement of Matters Complained of an [sic] appeal pursuant to Rule 1925(B)."

review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

The petitioner bears the burden to allege and prove one of the enumerated exceptions to the one-year time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa.Super. 2008) (finding that to invoke a statutory exception to the PCRA time-bar, petitioner must properly plead and prove all required elements of the exception). Moreover, "the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within

60 days of the date the claim first could have been presented."
***Commonwealth v. Walters***, 135 A.3d 589, 592 (Pa.Super. 2016)
(citations omitted) ***See also*** 42 Pa.C.S.A. § 9545(b)(2).

Herein, Appellant maintains the PCRA court erred in dismissing his
PCRA petition as untimely because it had been filed within one year of the
date upon which Appellant and his counsel received notice of the trial court's
affirmance of his Judgment of Sentence on December 6, 2012. Specifically,
Appellant states that he filed a timely notice of appeal on September 10,
2012, and a concise statement of errors complained of on appeal pursuant
to Pa.R.A.P. 1925(b) on October 26, 2012, yet "[u]nbeknownst to
undersigned counsel, by Opinion dated December 6, 2012, the Court of
Common Pleas affirmed Appellant's Judgment of Sentence."

Alleging that notice of the trial court's decision was neither received by
nor communicated to Appellant or his counsel in a timely fashion, Appellant
explains that he filed the instant PCRA petition on May 26, 2016, "until or
around" the time he received notice of the trial court's decision. Brief for
Appellant at 6. Appellant stresses that all of his previous filings pertaining to
the instant matter had been timely filed and posits that he "should be
granted reprieve for his time barred filing in the interest of justice."
Appellant also reasons that he was unaware he was filing an untimely
petition and that "perhaps most importantly, Appellant's petition was timely
filed within one year of the effective date of receiving actual notice of the

final order." *Id*. at 8, 10. Appellant concludes with a bald assertion that he can demonstrate either that the proceedings resulting in his convictions were so unfair that in intolerable miscarriage of justice resulted or that he is innocent of the crimes charged. *Id*. at 11 citing **Commonwealth v. Szuchon**, 534 Pa. 483, 633 A.2d 1098 (1993).

Appellant erroneously posits that the trial court affirmed his judgment of sentence on December 6, 2012. In doing so, Appellant conflates a decision of an appellate court affirming a judgment of sentence with the trial court's issuing of its Pa.R.A.P. 1925(a) opinion, the purpose of which is to address discrete issues raised by an appellant on appeal. **See** Pa.R.A.P. 1925(a)(1); **see also, E.D. v. M.P.**, 33 A.3d 73, 81 (Pa.Super.2011).

Represented by current counsel, on September 10, 2012, Appellant filed a notice of appeal from the judgment of sentence entered in the Court of Common Pleas of Delaware County on July 17, 2012, following his jury trial convictions of criminal conspiracy and robbery with this Court. Pursuant to Rule 1925(a) the trial court authored its December 6, 2012, Opinion addressing the issues Appellant had raised on appeal. Despite his assertion he failed to receive the trial court's Opinion, Appellant attached the same as "Exhibit B" to his appellate brief filed with this Court on April 22, 2013. This Court, not the trial court, later affirmed Appellant's judgment of sentence in an unpublished memorandum decision filed on July 15, 2013. Appellant nowhere avers he did not receive this Court's decision and, in fact, as stated

previously, the original record was remitted to the trial court on August 29, 2013, and the certified docket entries indicate Appellant's judgment of sentence was affirmed.

Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court; therefore, his judgment of sentence became final on August 14, 2013. *See* 42 Pa.C.S.A. § 9545(b)(3) (judgment of sentence final at conclusion of direct review or at expiration of time for seeking that review); *Commonwealth v. Robinson*, 575 Pa. 500, 509, 837 A.2d 1157, 1162 (2003) (judgment of sentence final thirty days after this Court dismissed appeal and Appellant did not file a petition for allowance of appeal). Thus, Appellant had until August 14, 2014, to file a timely PCRA petition; however, Appellant did not file the instant petition until nearly two years later on May 26, 2016; therefore, it is patently untimely under the PCRA. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Gamboa–Taylor*, 562 Pa. 70, 753 A.2d 780 (2000). Consequently, the trial court correctly determined Appellant's PCRA petition is time barred and it lacked jurisdiction to address the merits of the claims asserted therein. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/2017