J-S56036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RACHIEM GODFREY, :
:
Appellant : No. 390 MDA 2018

Appeal from the PCRA Order January 31, 2018
in the Court of Common Pleas of Lebanon County
Criminal Division at No(s):  CP-38-CR-0001154-2008

BEFORE:  GANTMAN, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED OCTOBER 12, 2018**

Rachiem Godfrey ("Godfrey"), *pro se*, appeals from the Order denying his fourth Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On March 2, 2009, after a jury trial, Godfrey was found guilty of person not to possess firearms, firearms not to be carried without a license, possession of firearm with altered manufacturer's number, resisting arrest, and disorderly conduct.[1]  The trial court sentenced Godfrey to 12½-25 years in prison.  This Court affirmed Godfrey's judgment of sentence on July 26, 2011.  ***Commonwealth v. Godfrey***, 32 A.3d 281 (Pa. Super. 2011) (unpublished memorandum).  Godfrey did not seek allowance of appeal in our Supreme Court.

---

[1] 18 Pa.C.S.A. §§ 6105, 6106(a)(1), 6110.2, 5104, 5503(a)(4).

On July 13, 2012, Godfrey filed his first PCRA Petition, which was denied. This Court affirmed the denial, and our Supreme Court denied allowance of appeal. ***Commonwealth v. Godfrey***, 82 A.3d 1073 (Pa. Super. 2013) (unpublished memorandum), ***appeal denied***, 80 A.3d 775 (Pa. 2013). Godfrey later filed his second PCRA Petition, which was dismissed as untimely filed. This Court affirmed the dismissal on August 28, 2015. ***Commonwealth v. Godfrey***, 131 A.3d 107 (Pa. Super. 2015) (unpublished memorandum). Godfrey filed his third PCRA Petition on October 1, 2015, which was dismissed.

Godfrey *pro se* filed the instant PCRA Petition on November 29, 2017. The PCRA court issued a Pa.R.Crim.P. 907 Notice. Thereafter, the PCRA court denied the Petition on January 31, 2018. Godfrey filed a timely Notice of Appeal. Godfrey raises the following issue for our review:

> Did the [PCRA] court below err as a matter of law when it dismissed [Godfrey's] PCRA Petition without a hearing?

Brief for Appellant at 4 (some capitalization omitted).

This Court reviews the denial of a PCRA petition to determine "whether the ruling of the PCRA court is supported by the record and free of legal error." ***Commonwealth v. Nero***, 58 A.3d 802, 805 (Pa. Super. 2012) (citation omitted).

Under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the

Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Godfrey's judgment of sentence became final on August 25, 2011, when the time to seek review in our Supreme Court expired. *See* Pa.R.A.P. 1113(a) (requiring that a petition for allowance of appeal be filed within 30 days after the entry of the order sought to be reviewed). Because Godfrey filed the instant Petition on November 29, 2017, his Petition is facially untimely.

Nonetheless, Pennsylvania courts may consider an untimely petition if the petitioner explicitly pleads and proves one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

Godfrey invokes the newly-discovered fact exception at 42 Pa.C.S.A. § 9545(b)(1)(ii), and argues that his counsel abandoned him at various stages of his case. *See* Brief for Appellant at 8-9. Godfrey relies upon *Commonwealth v. Bennett*, 930 A.2d 1264, 1273 (Pa. 2007), for the proposition that an assertion of abandonment of counsel is a sufficient factual basis to invoke the timeliness exception under section 9545(b)(1)(ii). Brief for Appellant at 9.

Here, Godfrey failed to plead and prove the newly-discovered fact exception, regarding his abandonment of counsel claim, in his PCRA Petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(ii); ***see also Commonwealth v. Reid***, 99 A.3d 470, 494 (Pa. 2014) (stating that claims not raised in a PCRA petition cannot be raised for the first time on appeal).

Even if Godfrey had properly preserved his claim for review, we note that under the newly-discovered fact exception, a petitioner must prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii). Godfrey has failed to plead and prove why any information regarding his counsel's alleged abandonment could not have been ascertained earlier by the exercise of due diligence, or why he did not present this claim within 60 days of the date it could have been presented. ***See Commonwealth v. Fahy***, 737 A.2d 214, 219 (Pa. 1999) (stating that "[t]o qualify for any of the [PCRA timeliness exceptions] one must . . . file a petition invoking such exception within 60 days of the date the claim could have been filed." (citation omitted)); ***see also Commonwealth v. Fennell***, 180 A.3d 778, 783 (Pa. Super. 2018) (holding that the newly-discovered fact exception did not apply where a petition had not been filed within 60 days after the

petitioner obtained information which formed the basis for the fact). Therefore, Godfrey has not properly invoked the exception.[2]

Godfrey also baldly invokes the newly-recognized right exception under section 9545(b)(1)(iii).  Godfrey refers generally to a number of constitutional provisions, but does not point specifically to any constitutional right newly recognized by the United States Supreme Court or our Supreme Court.  **See** Brief for Appellant at 8.  Thus, Godfrey does not properly invoke the exception at section 9545(b)(1)(iii).

Finally, Godfrey asserts that the PCRA court should have held an evidentiary hearing based upon "a miscarriage of justice."  Brief for Appellant at 9.  Godfrey relies upon **Commonwealth v. Szuchon**, 633 A.2d 1098 (Pa. 1993), for the proposition that "a second or subsequent petition for post-conviction relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." **Id.** at 1099 (citation and quotation marks omitted).  However, we need not address the miscarriage of justice claim, as Godfrey has failed to invoke an exception to the timeliness requirements of the PCRA.  **See Commonwealth**

---

[2] To the extent that Godfrey alleges ineffective assistance of counsel, such claims are not sufficient to overcome the timeliness requirements of the PCRA. **See Commonwealth v. Lesko**, 15 A.3d 345, 367 (Pa. 2011) (stating that "it is well established that the fact that a petitioner's claims are couched in terms of ineffectiveness will not save an otherwise untimely petition from the application of the time restrictions of the PCRA." (citing **Commonwealth v. Breakiron**, 781 A.2d 94, 97 (Pa. 2001)).

***v. Burton***, 936 A.2d 521, 527 (Pa. Super. 2007) (stating that "the courts of Pennsylvania will only entertain a 'miscarriage of justice' claim when the initial timeliness requirement is met."); ***id.*** (recognizing that "there is no 'miscarriage of justice' standard exception to the time requirements of the PCRA.").

Because Godfrey has not met the timeliness requirements in the instant case, the PCRA court properly denied his fourth PCRA Petition as untimely filed.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2018