J-S81008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SIMON EUGENE GIGEE | |
| Appellant | No. 812 MDA 2018 |

Appeal from the PCRA Order entered April 16, 2018
In the Court of Common Pleas of Tioga County
Criminal Division at No: CP-59-CR-0000492-2015

BEFORE:  STABILE, J., DUBOW, J., and STEVENS,* P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 22, 2019**

Appellant, Simon Eugene Gigee, appeals from the April 16, 2018 order of the Court of Common Pleas of Tioga County, which dismissed his request for collateral relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The PCRA court summarized the relevant background as follows:  On January 13, 2016, Appellant pled guilty to one count of operating a vehicle without required ignition interlock device, an ungraded misdemeanor.  The same day Appellant was sentenced to a period of incarceration for a minimum period of 42 days and a maximum period of 90 days.  The sentencing court gave Appellant credit for time served and released him.

---

* Former Justice specially assigned to the Superior Court.

On May 9, 2016, Appellant filed his first PCRA petition, which the PCRA court dismissed on June 23, 2016, without holding a hearing.

On January 11, 2018, Appellant filed the instant PCRA petition, which the PCRA court dismissed on April 16, 2018, without holding a hearing. This appeal followed.

At the outset, before we can address the merits of the petition,[1] we must consider whether Appellant is eligible for relief under the PCRA. To be eligible for relief under the PCRA, a petitioner must be either "currently serving a sentence of imprisonment, probation or parole for the crime," "awaiting execution of a sentence of death for the crime," or "serving a sentence which must expire before the person may commence serving the disputed sentence." 42 Pa.C.S.A. § 9543(a)(1)(i)-(iii).

Our Supreme Court and this Court have consistently interpreted Section 9543(a) to require that a PCRA petitioner be serving a sentence while relief is being sought. ***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997); ***see also Commonwealth v. Smith***, 17 A.3d 873 (Pa. 2011), and ***Commonwealth v. Matin***, 832 A.2d 1141 (Pa. Super. 2003). As our Supreme Court explained in ***Ahlborn***, the denial of relief for a petitioner who

---

[1] In the instant PCRA petition, Appellant argues the trial court erred in finding him subject to the ignition interlock requirements. In his appellate brief, Appellant also argues that plea counsel was ineffective for not properly reviewing the matter. In Appellant's view, these two errors gave rise to a "miscarriage of justice," as discussed in ***Commonwealth v. Szuchon***, 633 A.2d 1098 (Pa. 1993) and ***Commonwealth v. Lawson***, 549 A.2d 107 (Pa. 1988). Finally, in his appellate brief, Appellant argues that the PCRA court erred in not holding a hearing on his petition.

has finished serving his sentence is required by the plain language of the PCRA statute. **Ahlborn**, 699 A.2d at 720. Indeed, to be eligible for relief, a petitioner must be currently serving a sentence of imprisonment, probation, or parole. **Id.** To grant relief at a time when an appellant is not currently serving such a sentence would be to ignore the language of the PCRA. **Id.**

Here, based on our review of the record, Appellant does not meet the foregoing eligibility requirements as he had completed his sentence of 90 days' imprisonment by the time he filed the instant petition (January 11, 2018). Thus, Appellant is not eligible for PCRA relief.[2]

Even if Appellant was eligible for relief, we would not have the authority to review the instant appeal because the underlying PCRA petition is untimely.

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that

_____

[2] The PCRA court, in its notice of intent to dismiss issued in connection with Appellant's first PCRA petition (filed May 9, 2016), noted the following:

> In the present case, [Appellant] was sentenced on January 13, 2016 to a maximum period of imprisonment of ninety (90) days with credit for forty-two (42) days time served and immediately paroled. As [Appellant]'s parole was never revoked in this case, his period of parole supervision expired on or around March 1, 2016. [Appellant]'s sentence[] did not include any further punishment. [Appellant] has completed his sentence and is therefore ineligible for any PCRA relief[.]

Notice of Intent to Dismiss, 5/25/16, at 1-2.

an exception to the time for filing the petition is met. 42 Pa.C.S.A. § 9545(b)(1).

Appellant's petition is facially untimely. Appellant's judgment of sentence was imposed on January 13, 2016. Appellant had one year from that date to file a timely PCRA petition. The instant PCRA petition, which was filed January 11, 2018, is therefore facially untimely.

Additionally, Appellant failed to discuss whether any of the exceptions to the timeliness requirement are applicable. As such, even if Appellant were eligible to relief, we would have concluded that Appellant's PCRA petition was filed more than one year after his judgment of sentence became final and that he had failed to establish the applicability of any PCRA timeliness exception. Accordingly, because the underlying petition was untimely, we would not have reviewed the merits of the petition. *See Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999) (if the PCRA petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition).[3]

---

[3] In his brief with this Court, as mentioned, Appellant discusses *Szuchon*, *supra*, and *Lawson*, *supra*, for the proposition that enhanced pleadings are required in connection with a second or subsequent PCRA petition. Even if Appellant met the enhanced pleading requirements, Appellant failed to raise and address why the instant petition is reviewable despite being facially untimely. At any rate, *Szuchon* and *Lawson* do not provide an equitable timeliness exception for miscarriage of justice. Thus, *Szuchon* and *Lawson* are of no help to Appellant.

In light of the foregoing, we affirm the PCRA Court's order dismissing without a hearing Appellant's instant PCRA petition.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/2019

---

[4] In its notice of intent to dismiss, the PCRA court concluded that Appellant was not entitled to relief because the issue raised in the instant petition was waived for failure to raise it at earlier stages. We do not need address whether Appellant has waived his issue because Appellant failed to meet the eligibility and timeliness requirements.