J-S26007-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SHAUN MYRICK | : | |
| | : | |
| Appellant | : | No. 1884 EDA 2022 |

Appeal from the PCRA Order Entered January 20, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0004215-2012

BEFORE: STABILE, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:         **FILED DECEMBER 28, 2023**

Appellant, Shaun Myrick, appeals *pro se* from the January 20, 2022 order entered in the Court of Common Pleas of Philadelphia County denying his second petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Appellant contends that the PCRA court incorrectly concluded that the appeal was untimely filed and committed error by rejecting both his newly-discovered facts assertion and his **Brady**[1] claim without an evidentiary hearing. Upon review, we affirm.

In its Rule 1925(a) opinion, the PCRA court provided the factual background of this case, incorporating the summary set forth on pages 1-5 of

---

[1] **Brady v. Maryland**, 373 U.S. 83 (1963) (holding that a due process violation occurs when the state suppresses or fails to disclose material exculpatory evidence).

the trial court's opinion filed with this Court on direct appeal. PCRA Court Opinion, 10/11/22, at 4-5.[2] For our purposes, it is sufficient to note that on March 19, 2013, Appellant was convicted by a jury of rape, involuntary deviate sexual intercourse, endangering the welfare of children, and corruption of minors,[3] all stemming from the sexual abuse of his daughter, D.B., beginning when she was ten years old and ending when she was thirteen. On August 7, 2013, the trial court sentenced Appellant to an aggregate term of twenty to forty years' imprisonment.

On direct appeal, we affirmed Appellant's judgment of sentence. **Commonwealth v. Myrick**, No. 2367 EDA 2013, unpublished memorandum (Pa. Super. filed April 20, 2015). Appellant did not file a petition for allowance of appeal with our Supreme Court. Therefore, Appellant's judgment of sentence became final on May 20, 2015, 30 days after expiration of the time to file a petition for allowance of appeal.

On April 20, 2016, Appellant filed a timely first PCRA petition. The PCRA court dismissed the petition on May 11, 2018. On appeal, we affirmed the denial of PCRA relief but vacated Appellant's SVP status and remanded solely

---

[2] The PCRA court quoted from the January 21, 2014 opinion issued by the Philadelphia Court of Common Pleas in the case docketed at CP-51-CR-0004215-2012.

[3] 18 Pa.C.S.A. §§ 3121(a)(1), 3123(a)(1), 4303(a)(1), and 6301(a)(1), respectively.

for issuing the appropriate notice of registration obligations. **Commonwealth v. Myrick**, No. 1574 EDA 2018, unpublished memorandum (Pa. Super. filed December 12, 2019).

On July 27, 2020, Appellant filed the instant petition, his second, asserting "after-discovered evidence" relating to a **Brady** violation stemming from the Commonwealth's alleged failure to disclose exculpatory evidence. On March 29, 2021, he filed an amended petition, adding a claim for newly-discovered facts relating to an affidavit from his wife, D.B.'s mother. On January 20, 2022, the court dismissed Appellant's petition as untimely. This appeal, filed nearly seven months later on July 18, 2022, followed.

As a preliminary matter, we consider whether this appeal should be quashed as untimely filed.

Pennsylvania Rule of Appellate Procedure 903(a) requires that a notice of appeal be filed within thirty days after entry of the order from which the appeal is taken. Here, Appellant's July 18, 2022 notice of appeal from the order entered January 20, 2022, is facially untimely. Consequently, we issued an order on August 25, 2022, directing Appellant to show cause why the appeal should not be quashed.

On September 6, 2022, Appellant responded to the rule to show cause, contending he did not receive a copy of the January 20, 2022 dismissal order. He represented that he did not learn that his petition was dismissed until he

received a copy of the docket on July 11, 2022 in response to his June 27, 2022 request for a copy of his docket sheet.

Pennsylvania Rule of Criminal Procedure 114(C)(2)(c) provides that trial court docket entries "shall contain . . . the date of service of the order or court notice." Further, in accordance with Pa.R.A.P. 108(a)(1), "in computing any period of time under these rules involving the date of entry of an order by a court . . ., the day of entry shall be the day the clerk of the court . . . mails or delivers copies of the order to the parties."

Here, the trial court docket entry for the January 20, 2022 order dismissing Appellant's PCRA petition does not conform to the requirements of Rule 114. There is a note at the bottom of the entry that lists various parties, including "Defense: pro se," but there is no indication in the entry that the order was properly served on Appellant. Further, there is only one date listed at the top of the entry, indicating the date that the order was filed. **See** Comment to Rule 114 ("Paragraph (C)(2) requires three dates to be entered in the list of docket entries with regard to the court's orders and notices: the date of receipt of the order or notice; the date appearing on the order or notice; and *the date the order or notice is served*") (emphasis added); **see also Commonwealth v. Jerman**, 762 A.2d 366, 368 (Pa. Super. 2000) (because there was no indication on the trial court docket that the clerk furnished a copy of the final order to appellant, this Court "assume[d] the

- 4 -

period for taking an appeal was never triggered," and the otherwise-untimely appeal was considered timely).

Because the trial court docket entry in the instant case does not appropriately reflect service on Appellant, we find that the appeal period did not begin to run on January 20, 2022. Therefore, we shall allow the appeal to proceed.[4]

On appeal,

> [w]e review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. **Commonwealth v. Burkett**, 5 A.3d 1260, 1267 (Pa. Super. 2010). This review is limited to the findings of the PCRA court and the evidence of record. **Id**. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. **Id.** This Court may affirm a PCRA court's decision on any grounds if the record supports it. **Id.** We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. **Commonwealth v. Carter**, 21 A.3d 680, 682 (Pa. Super. 2011). However, we afford no such deference to its legal conclusions. **Commonwealth v. Paddy**, 15 A.3d 431, 442 (Pa. 2011); **Commonwealth v. Reaves**, 923 A.2d 1119, 1124 (Pa. 2007). Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Colavita**, 993 A.2d 874, 886 (Pa. 2010).

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations modified).

In his brief, Appellant asks this Court to consider three issues:

---

[4] This Court's show-cause Order was discharged on September 21, 2022. Appellant was advised that the issue could be revisited by this panel.

(I)- Whether the PCRA court committed error and abused [its] discretion when it dismissed Appellant's claim of newly-discovered facts based on an affidavit from [D.B.'s mother], as meritless without holding an evidentiary hearing?

(II)- Whether the PCRA court committed error and abused [its] discretion when it dismissed Appellant's claim that the Commonwealth's failure to disclose material and impeaching evidence violated Appellant's right to due process as set forth in **Brady v. Maryland**, 373 U.S. 83 (1963), as meritless without holding an evidentiary [hearing]?

(III)- Whether the instant case should be remanded back to the PCRA Court for an order and opinion, or can Appellant proceed with the opinion written in the Notice pursuant to Pa.R.Crim.P. 907?

Appellant's Brief at 7 (some unnecessary capitalization omitted).

Although we determined that Appellant timely filed this *appeal*, we must also determine whether he timely filed his second PCRA *petition*.[5]

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final," unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the

_____

[5] As the PCRA court observed, "a second or subsequent petition for post-conviction relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." PCRA Court Rule 907 Notice, 12/6/21, at 2 (unnumbered) (quoting **Commonwealth v. Szuchon**, 633 A.2d 1098, 1099 (Pa. 1993) (internal quotations omitted)).

petition.  Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. (Frank) Chester***, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by ***Commonwealth v. (Elwood) Small***, 238 A.3d 1267 (Pa. 2020)).  As timeliness is separate and distinct from the merits of Appellant's underlying claims, we must first determine whether this PCRA petition was timely filed.  ***Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008) (consideration of ***Brady*** claim separate from consideration of its timeliness).  If it is not timely, we cannot address the substantive claims raised in the petition.  ***Id.***

As noted above, Appellant's judgment of sentence became final on May 20, 2015, thirty days after expiration of the time to file a petition for allowance of appeal.  Therefore, his petition filed on July 27, 2020 is untimely on its face.  However, the one-year time limitation can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within one year of the date the claim could have been presented.  42 Pa.C.S.A. § 9545(b)(2).

Here, Appellant first argues that his amended second petition satisfied the newly-discovered facts exception to the PCRA's timeliness requirements.  He contends he filed the request to amend his pending second PCRA petition

on March 26, 2021[6] after receiving an affidavit on March 6, 2021 from D.B.'s mother, suggesting that D.B. had recanted her accusations against Appellant. In **Commonwealth v. Burton**, 158 A.3d 618 (Pa. 2017), our Supreme Court explained that "[t]o qualify for an exception to the time limitations [for newly-discovered facts], a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence." **Id.** at 629 (citations omitted). The Court in **Burton** clarified:

> However, where a petition is otherwise timely, to prevail on an after-discovered evidence claim for relief under subsection 9543(a)(2)(vi), a petitioner must prove that (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; **(3) it is not being used solely to impeach credibility**; and (4) it would likely compel a different verdict.

**Id.** at 629 (emphasis added).

> As the Commonwealth recognizes, in its Rule 907 notice, the PCRA court
>
> explained its specific reasons for dismissing the petition. With respect to the affidavit provided by [D.B.'s mother,] the court stated that it "contains only hearsay statements alleging D.B.'s recantation. Such evidence only operates to impeach D.B.'s credibility, and does not show a *prima facie* likelihood to compel a different verdict."

Commonwealth Brief at 10 (quoting Rule 907 Notice, 12/6/21, at 2 (unnumbered)).

---

[6] The motion to amend was docketed on March 29, 2021.

Here, in the affidavit at issue, D.B.'s mother suggests that D.B. recanted her accusation against Appellant. As such, the affidavit, if admissible, would be used to impeach D.B.'s credibility. Therefore, it would not enable Appellant to prevail on a claim for relief under subsection 9543(a)(2)(vi). Consequently, even if the affidavit of D.B.'s mother were considered a "newly-discovered fact" so as to satisfy an exception to the PCRA's time bar, the affidavit itself would nevertheless be inadmissible as hearsay.

As our Supreme Court reiterated in **Commonwealth v. (Eric Eugene) Small**, 189 A.3d 961 (Pa. 2018):

> "[t]here is no less reliable form of proof, especially where it involves an admission of perjury." **Commonwealth v. Mosteller**, 446 Pa. 83, 284 A.2d 786, 788 (1971) (citations omitted). For that reason, we have emphasized that, when addressing an after-discovered evidence claim premised on recantation testimony, "the PCRA court must, in the first instance, assess the credibility and significance of the recantation in light of the evidence as a whole." **Commonwealth v. D'Amato**, 579 Pa. 490, 856 A.2d 806, 825 (2004). "Unless the [PCRA] court is satisfied that the recantation is true, it should deny a new trial." **Commonwealth v. Henry**, 550 Pa. 346, 706 A.2d 313, 321 (1997) (citations omitted).

**Id.** at 977.

It is important to note that there is no indication on the record that D.B. in fact recanted. To the contrary, "the Commonwealth represented to the PCRA court that a prosecutor contacted the victim, and the victim stated that she never told [her mother] that she lied about this matter." Commonwealth Brief at 17 (citing Commonwealth's letters to the PCRA court dated 6/3/21 and 7/28/21). "Thus, the record indicated that the victim would *not* support

- 9 -

[D.B.'s mother's] claim that [D.B.] recanted her testimony." *Id.* at 18 (emphasis in original). Therefore, even if the affidavit provided a newly-discovered fact such that Appellant's petition could be considered timely filed, Appellant would not be entitled to relief. *See Burton*, 158 A.3d at 629 (after-discovered evidence cannot be used solely to impeach credibility); *Small*, 189 A.3d at 977 (PCRA court should deny new trial unless satisfied that proffered recantation is true) (citing *Henry,* 706 A.2d at 321)). Appellant's first issue fails.

In his second issue, Appellant asserts that the PCRA court erred and abused its discretion by rejecting his claim that the Commonwealth's failure to disclose "material and impeaching evidence" constitutes a *Brady* violation. Appellant contends that this claim saves his petition from dismissal as untimely and warrants relief. Although he "checked the box" on his July 27, 2020 petition indicating that he was claiming governmental interference as the basis for an exception to the PCRA's time bar, he simply indicated that he would prove his claim was late due to governmental inference by showing the "the Commonwealth withheld this evidence from me; *Brady* violation." Second PCRA Petition, 7/27/20, at 3 ¶ 5. He then asserted that he was pleading "after-discovered evidence surrounding a Brady violation," that "Trial Counsel was ineffective for failing to investigate," and that "Trial Counsel was ineffective for stipulating to insufficient/inadmissible evidence." *Id.* at 4 ¶ 6.

As noted above, to qualify for an exception to timeliness based on newly-discovered facts, the petitioner must establish that facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence. ***Burton***, 158 A.3d at 629. Appellant asserts after-discovered evidence of an alleged ***Brady*** violation but does not contend that the evidence, in the form of documents from the Department of Human Services ("DHS"), were unknown to him or what efforts he made to ascertain their existence. ***See Stokes***, 959 A.2d at 310 (consideration of ***Brady*** claim separate from consideration of its timeliness). Again, unless the petitioner has satisfied an exception to the PCRA's timeliness requirements, neither this Court nor the PCRA court has authority to consider the merits, if any, of his claim. ***Chester***, 895 A.2d at 522.

Even if Appellant satisfied a timeliness exception, his second issue would nevertheless fail for two reasons.

For a petitioner to succeed on an allegation of ineffectiveness of counsel, the PCRA requires "that the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543. "Previously litigated" includes an issue that "has been raised and decided in a proceeding collaterally attacking the conviction or sentence." 42 Pa.C.S.A. § 9544(a)(3). Here, Appellant contends a ***Brady*** violation occurred as a result of the Commonwealth's "failure to disclose material and impeaching evidence" included in DHS records admitted at trial. However, as the PCRA court recognized, Appellant presented

a challenge with respect to the DHS records in his first PCRA petition when he challenged trial counsel's decision to stipulate to the DHS records, all of which were included in Exhibit C-9 admitted at trial, with one "exception" relating to a progress note. PCRA Court Rule 907 Notice, 12/6/21, at 2 (unnumbered) (citing *Commonwealth v. Myrick*, 1574 EDA 2018, unpublished memorandum (Pa. Super. filed December 12, 2019) (denying Appellant's first PCRA petition)). Therefore, the court concluded, Appellant's challenge to the stipulated DHS records was previously litigated and could not be relitigated in a second PCRA petition.

Appellant's *Brady* claim would fail for another reason. The progress note "exception" addressed by the PCRA court was Appendix C—"the Structured Progress Note dated November 15, 2011 containing notes of DHS's interview with maternal grandmother and [Appellant's] other children." PCRA Court Rule 907 Notice, 12/6/21, at 2 (unnumbered). To the extent Appellant claimed Appendix C constituted "newly-discovered" or exculpatory evidence, the PCRA court observed that the progress note "contain[ed] only hearsay statements regarding [Appellant's] character. Such evidence does not create a *prima facie* likelihood to compel a different result." *Id.* (citing *D'Amato, supra*, 856 A.2d at 823-24). Moreover, Appellant has not demonstrated that the information within Appendix C is exculpatory or would impeach testimony or evidence presented at trial. Again, the note contained "only hearsay statements regarding [Appellant's] character." *Id.*

- 12 -

As our Supreme Court has explained:

> To establish a **Brady** violation, an appellant must prove three elements: (1) the evidence at issue is favorable to the accused, either because it is exculpatory or because it impeaches; (2) the evidence was suppressed by the prosecution, either willfully or inadvertently; and (3) prejudice ensued. **Commonwealth v. [James] Lambert**, 584 Pa. 461, 884 A.2d 848, 854 (2005). We stress that the burden rests with the appellant to "prove, by reference to the record, that evidence was withheld or suppressed by the prosecution." **Commonwealth v. Porter**, 556 Pa. 301, 728 A.2d 890, 898 (Pa. 1999). The evidence at issue must have been "material evidence that deprived the defendant of a fair trial." **Commonwealth v. Johnson**, 572 Pa. 283, 815 A.2d 563, 573 (2002).

**Commonwealth v. Spotz**, 47 A.3d 63, 84 (Pa. 2012). Further:

> As to **Brady** claims advanced under the PCRA, a defendant must demonstrate that the alleged **Brady** violation "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." **See Commonwealth v. Copenhefer**, 553 Pa. 285, 719 A.2d 242, 259 (1998). . . . [T]he mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." **United States v. Agurs**, 427 U.S. 97, 109–110, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

**Commonwealth v. Ly**, 980 A.2d 61, 76 (Pa. 2009)).

In **Commonwealth v. (Lisa Michelle) Lambert**, 765 A.2d 306 (Pa. Super. 2000), this Court reiterated that materiality of suppressed evidence is one of the necessary prongs to establish a **Brady** claim and indicated that "[e]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." **Id.** at 326.

Here, the PCRA court noted that all DHS records appendices "were indeed available at trial. While Appendix C is not clearly referenced at trial, it does not create a *prima facie* showing that there is a reasonable probability the verdict would have been different[.]" PCRA Court Rule 907 Notice, 12/6/21, at 2 (unnumbered).

Appellant has not satisfied the requirements necessary to establish a **Brady** claim as outlined in **Spotz** ad **Ly, supra**, nor has he established materiality of the evidence as explained in **Lambert**. Appellant is not entitled to any relief based on a **Brady** claim. Appellant's second issue fails.

In addition to the substantive matters raised in Appellant's first and second issues, he also argues that the PCRA court erred when it dismissed Appellant's petition without holding an evidentiary hearing. "Pursuant to [Pa.R.Crim.P. 908(A)(2)], a PCRA court must hold a hearing when a PCRA petition raises any issues of material fact." **Commonwealth v. Marshall**, 947 A.2d 714, 723 (Pa. 2008) (citing **Commonwealth v. Santiago**, 855 A.2d 682, 691 (Pa. 2004)). Here, Appellant has failed to present any issues of material fact. Further, "[a] PCRA court may deny a petition without a hearing if, following a review of the petition, it determines a hearing would serve no purpose." **Commonwealth v. Bryant**, 855 A.2d 726, 751 (Pa. 2004). Because we have concluded that neither of Appellant's first two issues—to the extent not time-barred—raises any issue of material fact and, further, because a hearing would serve no purpose, we also conclude that the PCRA court did

not err when it dismissed Appellant's petition without an evidentiary hearing. *See Marshall*, 947 A.2d at 723.

In its October 11, 2022 memorandum opinion, the PCRA court concluded that Appellant filed an untimely appeal and, therefore, the appeal should be quashed. PCRA Court Opinion, 10/11/22/, at 6-8. In light of its disposition, the court did not separately address in that opinion Appellant's newly-discovered facts or *Brady* assertions addressed above, other than to state that his claims were "untimely and without merit." *Id.* at 8. Appellant questions whether the case should be remanded for an order and opinion addressing those issues. We find a remand unnecessary. Although the court did not discuss the merits of Appellant's claims in is October 11, 2022 opinion, it did address them in the December 7, 2021 Rule 907 Notice quoted and referenced above. We find the court's discussion and disposition of the issues in the Rule 907 notice sufficient for purposes of our review. Therefore, a remand is not necessary.

While the PCRA court found Appellant's appeal untimely and asserted we should affirm on that basis, we decline to do so, having found that the order appealed from was not properly served on Appellant. Nevertheless, for the reasons set forth in the PCRA court's December 7, 2021 Rule 907 and for the reasons stated above, we do affirm the dismissal of Appellant's PCRA petition, cognizant that we may affirm on any basis. *See, e.g.,*

*Commonwealth v. Diaz*, 183 A.3d 417, 421 (Pa. Super. 2018);

*Commonwealth v. Doty*, 48 A.3d 451, 456 (Pa. Super. 2017).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/28/2023